IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY,** | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| | : | **No. 20-0839** |
| v. | : | |
| | : | |
| **NICHOLAS WORONTZOFF, III,** | : | |
| Defendant. | : | |
| | : | |

**McHugh, J.**                                                                                                        **August 6, 2020**

**MEMORANDUM**

      This is a declaratory judgment action brought by State Farm, seeking to establish that it is not obligated to provide coverage for injuries allegedly caused by its insured, Nicholas Worontzoff, III, when he assaulted Coleman Gladis.  (ECF 1.)  After learning of State Farm's lawsuit, Mr. Gladis sought permission from the Court to be heard in the action on the basis that the outcome here will affect his state court tort claim.  By an Order dated May 14, 2020, the Court added Gladis to the docket as a Third-Party Plaintiff for the purpose of affording him the opportunity to assert any rights he might have.  (ECF 5.)

      Mr. Gladis has filed a Motion for Summary Judgment, (ECF 6), without formally moving to intervene.  State Farm has responded with the Motion to Strike now before the Court, asserting several bases on which it believes Mr. Gladis is precluded from participating in this action.  (ECF 8.)  On July 8, 2020, the Court ordered Gladis's response to State Farm's Motion within 20 days and simultaneously relieved State Farm of the obligation to respond to the Motion for Summary Judgment until its Motion to Strike was resolved.  (ECF 11.)  Mr. Gladis submitted

that response on July 29, 2020, noting his interpretation of the Court's Order as having granted permission to intervene in the action.  (ECF 13.)

State Farm asserts that Gladis lacks Article III standing to intervene in this action, and it further asserts that even if he has standing, his intervention is still improper under Federal Rule of Civil Procedure 24.  As to the first argument, I note that the Third Circuit has not settled the question of whether a plaintiff in an underlying tort action has standing to intervene in a declaratory judgment action over applicable insurance coverage.  *See Carrasquillo v. Kelly*, 2018 WL 1806871, at *2 (E.D. Pa. Apr. 17, 2018) (Quiñones Alejandro, J.) (summarizing Third Circuit law and noting the unsettled nature of Third Circuit precedent).

Though the Third Circuit has held parties have standing to *defend* themselves when sued in such an action, *American Automobile Ins. Co. v. Murray*, 658 F.3d 311 (3d Cir. 2011); *Federal Kemper Insurance Co. v. Rauscher*, 807 F.2d 345 (3d Cir. 1986), the prevailing trend of decisions in this District reject the notion that Third Circuit precedent recognizes a party's standing to intervene in a declaratory judgment action and seek coverage affirmatively.  *See, e.g.*, *Carrasquillo*, 2018 WL 1806871, at *4.[1]  I need not resolve that question here because even assuming Gladis has standing, he has not made the showing required under Rule 24 to intervene.

Rule 24 provides two avenues for a party to intervene in an already-pending federal action:  Rule 24(a) dictates when parties may intervene as of right, and Rule 24(b) sets forth conditions under which parties may seek permissive intervention.  Parties may intervene as of right when a federal statute so states, Fed. R. Civ. P. 24(a)(1), or when they have an interest

---

[1] Though his argument is somewhat hard to follow, Gladis seems to contend that *Carasquillo* is distinguishable here because his position more closely resembles that of the intervenors in *Rauscher*.  (Opp. Br. ¶¶ 11-13, ECF 13.)  I disagree with his contention, but it is ultimately immaterial whether Gladis's situation differs enough from *Carasquillo* to confer standing because he has still failed to make the showings required under Rules 19 to be joined as a party (discussed *infra*) or under Rule 24 to intervene in the action.

related to the property or transaction at issue in the lawsuit, *id*. at (a)(2).  No federal statute is applicable here, so I must analyze whether Mr. Gladis demonstrates an interest related to the property or transaction at issue here, as required under Rule 24(a)(2).

The Third Circuit has explained that to intervene under Rule 24(a)(2), a movant must (1) present a timely application; (2) have a sufficient interest in the litigation; (3) demonstrate that disposition of the action threatens that interest; and (4) point to a lack of adequate representation by the action's existing parties.  *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pennsylvania*, 701 F.3d 938, 948 (3d Cir. 2012) (internal citation omitted).  Movants may not intervene unless they satisfy each requirement.  *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995).  The dispositive issue here is whether Mr. Gladis has a legally sufficient interest.

In evaluating whether a party has sufficient interest to intervene, the Third Circuit's decision in *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 221 (3d Cir. 2005), provides the governing standard.  In *Treesdale*, an insurer sought a declaratory judgment against its insured, asserting it was no longer obligated to provide further coverage in a series of state court asbestos-related claims because the insurer had expended the policy's limits.  *Id*. at 219.  Some of the plaintiffs in the state court actions attempted to intervene in the declaratory judgment action to ensure proceeds would be available to satisfy any potential award they obtained.  *Id*. The Third Circuit held the plaintiffs' "mere economic interest" in the availability of insurance proceeds "does not support intervention as a matter of right" under Rule 24(a)(2)."  *Id*. at 222. The Court also rejected the specific contention that plaintiffs pursuing a tort claim against an insured tortfeasor have a particular right to intervene in an insurance coverage declaratory judgment action between the tortfeasor and the insurer.  *Id*. at 223.

*Treesdale* prevents Mr. Gladis from intervening as of right here. As in *Treesdale*, Mr. Gladis has a pending tort claim in state court against Worontzoff for injuries following an alleged assault. Gladis's goal in intervening is to ensure that insurance proceeds are available should he prevail in state court. Applying the precepts of *Treesdale*, it is clear that Gladis's only interest is the kind of "mere economic interest" the Court held insufficient to intervene as of right.

*Treesdale* similarly forestalls any reliance on Rule 24(b)(1)(B) to seek permissive intervention. Under that provision, a court may permit a party to intervene in an action "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(1)(B). But the Third Circuit has cautioned that a proposed intervenor with only a contingent financial interest in the declaratory judgment action "cannot accurately claim that there are common questions of law or fact between the coverage dispute and actions to determine liability for injuries [the insured] may have caused." *Treesdale*, 419 F.3d at 228. In explicating that principle, the Third Circuit reasoned that the questions in each case are separate and distinct: the tort action determines whether the insured is liable for the alleged injuries, whereas the declaratory judgment action interprets the insurance policy to determine whether the insurer has a contractual obligation to pay for any injuries that are proven. *Id*.

The relationship between the claims here is no different. Mr. Gladis's tort claim seeks to establish that Worontzoff is liable to him for his alleged injuries, while State Farm's declaratory judgment action requires a determination of whether State Farm has a contractual obligation to cover those types of claims. Standing alone, under *Treesdale*, these inquiries lack the common questions of law or fact required for permissive intervention. And Gladis provides no additional bases upon which to conclude that common questions exist, as he is neither a party to nor

beneficiary of the contract between State Farm and Worontzoff.  As a result, I must also grant State Farm's motion as to permissive intervention.

Finally, Gladis urges that Rule 19(a)(1)(B) is the proper mechanism by which to determine whether he should be able to participate in this action, rather than Rule 24.  (ECF 13 ¶ 6.)  I disagree.  As an initial matter, Rule 19(a)(1)(B) is not applicable here because it governs the steps a court must take when it is not feasible to join a party to the litigation who would otherwise be considered a necessary participant.  Instead, the provision applicable to Gladis's situation is Rule 19(a)(1)(2), which sets forth the conditions under which the court must join a necessary party when the participating litigants have failed to do so.

*Treesdale* blocks Gladis's path under Rule 19 as well.  In *Treesdale*, the Court explained that a party is necessary to the litigation under Rule 19(a)(1)(2) only "if it has a legally protected interest, and not merely a financial interest, in the action."  419 F.3d at 216 (cleaned up).  As explained above, *Treesdale* makes clear that an injured party seeking to preserve the availability of insurance funds for a tort action has only a "mere financial interest" in the declaratory judgment action between the tortfeasor and the insurer.  Because that is true, Gladis's interest in securing the availability of insurance proceeds is not only insufficient to warrant intervention as of right under Rule 24(a)(2), it also provides no basis to order him joined as a necessary party to the litigation under Rule 19(a)(1)(2).

I recognize that this ruling may well deprive Mr. Gladis of compensation for meaningful injuries he allegedly suffered at the hands of the defendant in the underlying case, and that result is regrettable.  But the Third Circuit has limited the ability of victims of wrongful conduct to assert their rights under potentially applicable insurance policies, and I am bound by that precedent.

State Farm's Motion to Strike must therefore be **GRANTED** in its entirety.  An appropriate Order follows.

/s/Gerald Austin McHugh
United States District Judge
